Filed 4/26/22  P. v. Guerrero CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL GUERRERO,<br><br>    Defendant and Appellant. | B308529<br><br>(Los Angeles County Super. Ct. No. BA332015) |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed and remanded with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and David W. Williams, Deputy Attorney General, for Plaintiff and Respondent.

Years ago, a trial jury convicted defendant and appellant Gabriel Guerrero (defendant) of first degree murder and conspiracy to commit murder; the jury was instructed it could convict defendant on the conspiracy charge if it found he conspired to commit an assault, but a murder was a natural and probable consequence of that planned assault. More recently, the trial court denied defendant's Penal Code[1] section 1170.95 petition seeking to vacate his murder conviction—without first issuing an order to show cause. The Attorney General concedes reversal and remand is required because the record does not show defendant is ineligible for relief as a matter of law. That will be our disposition after a short discussion of the facts, the pertinent procedural history, and the law.

On April 26, 2005, six men, including murder victim Ryan Dasalla (Dasalla), beat up one of defendant's brothers. In retaliation, defendant participated in the shooting of Dasalla the following day. Defendant drove a van to pick up two other men, one of whom was another of defendant's brothers and was carrying a gun. When the group saw Dasalla, defendant and his accomplices got out of the van and a fight broke out. Defendant wrestled with Dasalla for a time, and eventually defendant's brother who was armed shot and killed Dasalla.

Defendant was charged with conspiracy, murder, and possession of a firearm by a felon. He pled no contest to the felon in possession of a firearm charge and, at trial in 2010, a jury found him guilty of murder and conspiracy to commit murder.

---

[1]    Undesignated statutory references that follow are to the Penal Code.

On the conspiracy charge, defendant's jury was instructed on the traditional elements of a conspiracy to commit murder but also on principles concerning a defendant's liability for acts by a coconspirator. The jury was specifically told that defendant could be found guilty of conspiracy to commit murder if the following were proven: "1. The defendant conspired to commit assault with force likely to produce great bodily injury; [¶] 2. A member of the conspiracy committed murder to further the conspiracy; [¶] AND [¶] 3. Murder was a natural and probable consequence of the common plan or design of the crime that the defendant conspired to commit." The jury was also instructed on the natural and probable consequences doctrine in connection with the substantive murder charge (again, assault with force likely to produce great bodily injury was the target offense).

In 2019, defendant filed a section 1170.95 petition for resentencing. Defendant checked boxes to indicate he was convicted of murder pursuant to the felony murder rule or the natural and probable consequences doctrine and to assert he could not now be convicted of murder because of amendments to California's murder statutes that eliminated grounds for finding a person guilty of murder on a natural and probable consequences theory. (See generally *People v. Lewis* (2021) 11 Cal.5th 952, 957 ["Senate Bill No. 1437 (Stats. 2018, ch. 1015; Senate Bill 1437) eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony murder rule"] (*Lewis*).)

The trial court appointed counsel for defendant,[2] received written submissions from counsel and from the People, and

---

[2] In its order appointing counsel, the trial court found defendant was not entitled to section 1170.95 relief as to the

3

"summarily den[ied] the petition without the need for a hearing," i.e., without issuing an order to show cause. The court recognized the jury at defendant's trial was instructed on murder liability as both a direct aider and abettor and as an aider and abettor pursuant to the now-eliminated natural and probable consequences doctrine. But the court found "the doctrine of natural and probable consequences played no role in [defendant's] murder conviction" because the jury must have determined defendant had the intent to kill, and thus necessarily considered him a direct aider and abettor, by virtue of convicting him of conspiracy to commit murder.

The Attorney General correctly concedes the trial court's rationale is flawed. By virtue of the instruction the jury received on a defendant's liability for acts by a coconspirator, the jury did not need to find defendant had the intent to kill to convict him of conspiracy to commit murder; the jury was instead permitted to rely on the natural and probable consequences doctrine as to the conspiracy charge too. There is accordingly nothing in the record that establishes defendant is ineligible for section 1170.95 relief as a matter of law, and at the prima facie stage of section 1170.95 consideration, neither the trial court nor this court can engage in a weighing of the evidence to determine whether the jury relied on a legally invalid (natural and probable consequences) or valid (direct aiding and abetting) theory of murder liability. (See, e.g.,

conspiracy to commit murder conviction. The appointment of counsel was accordingly made only in connection with the substantive murder charge. Defendant does not challenge that determination in this appeal, but because we reverse and remand, nothing in this opinion limits the arguments defendant may make when back before the trial court.

4

*Lewis*, *supra*, 11 Cal.5th at 971; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 439-440; see also *People v. Smith* (2020) 49 Cal.App.5th 85, 96, review granted July 22, 2020, S262835.) Reversal and remand is accordingly required.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the cause is remanded with directions to issue an order to show cause pursuant to section 1170.95, subdivision (c) and to thereafter proceed, with appointed counsel for defendant, as required by section 1170.95, subdivision (d).

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

5